United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL UNION OF HEALTHCARE WORKERS; SONIA ASKEW; ROBIN BLAKE; LISA ENGLES; DANIELLE ESTRADA; ANGELA GLASPER; ROBERT HERNANDEZ; DAVID MALLON; TURUSEW WILSON and GEORGE WONG,<br><br>Plaintiffs,<br><br>v.<br><br>KAISER FOUNDATION HEALTH PLAN, INC.; KAISER FOUNDATION HOSPITALS; THE PERMANENTE MEDICAL GROUP, INC.; SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP,<br><br>Defendants.<br>_____/ | No. C 10-3686 WHA<br><br>**ORDER STAYING ACTION, DENYING MOTION TO DISMISS, AND CONTINUING CASE MANAGEMENT CONFERENCE** |

     In this action for injunctive relief involving a dispute between competing labor unions over management campaign activity during an election for union representation, management moves to dismiss various novel claims raised by plaintiffs under the Labor Management Relations Act. For the reasons stated below, however, this case is **STAYED** pending a decision by the National Labor Relations Board on all of plaintiffs' objections concerning the same conduct of management during the election. The novel issues will await another day. Accordingly, defendants' motion to dismiss is **DENIED** without prejudice.

Some officers of Service Employees International Union-United Healthcare Workers quit that union and started a rival union called National Union of Healthcare Workers. Both seek to represent Kaiser health-care workers in California. The two labor unions have been battling in court over the past two years. *See Service Emp. Int'l Union v. Roselli*, No. 09–00404, 2010 WL 888803 (N.D. Cal. Mar. 10, 2010). Meanwhile, the National Labor Relations Board ordered a union representation election for the approximately 43,000 employees of defendants Kaiser Foundation Health Plan, Inc., Kaiser Foundation Hospitals, The Permanente Medical Group, Inc., and Southern California Medical Group, all parties to the collective bargaining agreement with SEIU-UHW covering Kaiser Permanente facilities in California.

After the election campaign commenced, the instant suit by NUHW and nine Kaiser employees challenged allegedly unlawful payment of wages and benefits to SEIU-UHW representatives. The complaint alleged that the payments made by defendants to SEIU-UHW representatives violated Section 302(a) of the Labor Management Relations Act. Specifically, plaintiffs alleged that defendants paid SEIU-UHW representatives while these individuals were actively campaigning against NUHW for the union representation election. Plaintiffs alleged that representatives for SEIU-UHW, as paid employees of defendants, were supposed to be working on administering the collective bargaining agreement between SEIU-UHW and Kaiser. Instead, however, these representatives were instructed by SEIU-UHW to devote their time to campaigning against NUHW during working hours. For example, SEIU-UHW representatives attended all-day staff meetings devoted strictly to campaigning and campaign strategy and also participated in picketing and leafleting, while being paid by defendants (Compl. ¶¶ 48–63). The complaint set forth numerous supposed violations of campaign-related activities by representatives of SEIU-UHW during paid-duty hours, and plaintiffs requested injunctive and declaratory relief under LMRA Section 302, which they asserted, provided subject-matter jurisdiction. Defendants brought the instant motion to dismiss plaintiffs' complaint.

SEIU-UHW won the election. On October 14, NUHW filed objections with the National Labor Relations Board regarding the conduct of Kaiser Permanente and SEIU-UHW during the election and requested that the Board hold an administrative hearing to review the election.

1  These objections included the same allegations plaintiffs filed in their complaint herein against
2  defendants (Dkt. No. 16), plus others. Defendants filed a request for judicial notice of the
3  objections filed by plaintiffs with the Board in support of their motion to dismiss. During the
4  October 28 hearing on the instant motion, each party was given the opportunity to provide
5  additional briefing on whether this action should be stayed pending a decision by the Board.
6  Finally, another hearing was held on November 18 regarding whether a stay of proceedings
7  should be granted.

8  Federal Rule of Evidence 201(b) states that: "A judicially noticed fact must be one not
9  subject to reasonable dispute in that it is either (1) generally known within the territorial
10 jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to
11 sources whose accuracy cannot reasonably be questioned." In addition, it is appropriate for a
12 district court to take judicial notice of the records of administrative bodies. *United States v. 14.02*
13 *Acres of Land More or Less in Fresno County*, 547 F.3d 943, 955 (9th Cir. 2008).

14 Defendants request judicial notice of the objections NUHW filed with the Board in regard
15 to the union representation election (Dkt. No. 16). The objections filed by NUHW with the Board
16 can be accurately and readily determined upon review of the administrative records maintained in
17 the ordinary course of business by the Board, which is a source whose accuracy cannot be
18 reasonably questioned. Defendants' request for judicial notice is **GRANTED**.

19 District courts have the authority to stay a case even if the complaint was filed prior to a
20 similar filing with the Board, where the Board had at least concurrent jurisdiction, and the case
21 was such that a district court could give complete relief. *Nat'l Labor Relations Board v.*
22 *Teamsters*, 403 F.2d 667, 672 (9th Cir. 1968) (district court could properly hold its proceeding in
23 abeyance so that issues could be determined by NLRB). Moreover, district courts have the
24 authority to stay a case, pending a determination by the Board, where one party is requesting
25 injunctive relief under Section 302 of the LMRA. *See Am. Commercial Barge Lines Co. v.*
26 *Seafarers Int'l Union*, 730 F.2d 327, 334–35 (5th Cir. 1984).

27 Defendants argue that the instant action should be dismissed because plaintiffs lack
28 standing and fail to state a claim in their complaint. This order, however, finds that a stay of this

3

action is appropriate for three reasons. *First*, the parties and claims in this action are part of a larger dispute between NUHW, SEIU-UWH, and Kaiser Permanente. *Second*, the allegations in the complaint are included as part of the objections filed by NUHW before the Board regarding the conduct of SEIU-UHW and Kaiser during the union representation election (Dkt. No. 16). *Third*, the Board has, at least, concurrent jurisdiction over the allegations brought by plaintiffs under LMRA Section 302. *See Hospital Emp. Div. of Local 79 v. Mercy-Memorial Hospital Corp.*, 862 F.2d 606, 608 (6th Cir. 1988).

During oral argument on November 18 counsel for plaintiffs stated that a stay of this case is not appropriate because the Board does not have primary jurisdiction and a deferral of the instant action would be to no effect. Not so. Disputes relating to representation elections are at the heart of what the Board was created to address. *See Int'l Union of Painter and Allied Trades, District 15, Local 159 v. J&R Flooring, Inc.*, 616 F.3d 953 (9th Cir. 2009). Moreover, at oral argument defense counsel stated that a stay will allow all involved to benefit from the Board's views as to whether the alleged conduct has occurred, violated national labor laws, and needs to be enjoined.

Our nation has long committed exactly this sort of industrial labor controversy to the Board. Resolving such disputes is at the core of the Board's expertise and mission. A stay is imminently appropriate. The Court appreciates the excellent arguments made by both counsel during the hearing on November 18. For the reasons set forth above, this action is **STAYED** pending a decision by the Board. Defendants' motion to dismiss is **DENIED** without prejudice. The case management conference set for December 2, 2010, is continued to **JUNE 2, 2011, AT 11:00 A.M.**

**IT IS SO ORDERED.**

Dated: November 19, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4